### SHARPE *v.* DENMARK, administrator, *et al.*

1. Where certain securities on the bond of a tax-collector borrowed money from a bank and loaned it to the wife of the tax-collector, who paid it to the county in settlement of a shortage due the county by the collector, and the wife executed a mortgage to the sureties on her land to secure the payment of the money thus loaned, such a transaction would come within the provisions of the statute which declares that a wife can not bind her separate estate by any contract of suretyship, nor by any assumption of the debts of her husband, and that any sale of her separate estate, made to a creditor of her husband in extinguishment of his debts, shall be absolutely void.

(a) In such a case the sureties on the husband's bond are his creditors within contemplation of law.

(b) It follows that a mortgage executed and delivered by the wife, on land belonging to her individually, to the sureties on her husband's bond, as set out in the first headnote, is absolutely void, and, on foreclosure proceedings in behalf of the sureties, the wife can defend on such ground and defeat the proceedings.

2. The court erred in refusing a new trial.

FEBRUARY 11, 1915.

Mortgage foreclosure. Before Judge Rawlings. Toombs superior court. August 20, 1913.

*C. W. Sparks* and *Hines & Jordan,* for plaintiff in error.

*Hitch & Denmark* and *Enoch J. Giles,* contra.

HILL, J.   Remer L. Denmark as administrator on the estate of James H. Odom, Joseph H. Odom, and A. G. Williamson were plaintiffs in a case seeking the foreclosure of a mortgage executed by Sallie C. Sharpe for the purpose of securing her promissory note for $4,425.26, payable to the order of James H. Odom, Joseph H. Odom, and A. G. Williamson.   The defendant admitted the execution of the note and mortgage, and defended on the ground that they had been fully paid by a conveyance of certain land to one of the plaintiffs, James H. Odom, by Miss Sallie Odom, her aunt. The suit was further defended on the ground that the note and mortgage were given to pay the debt of her husband, who was tax-collector of Toombs county, and who, according to an audit of his books, had been found to be short in his accounts and indebted to the county in a certain sum.   The plaintiffs were sureties on his bond as tax-collector; and the consideration of the mortgage was alleged to be for money borrowed of one of the plaintiffs for the purpose of paying the amount claimed to be due by the tax-collector and his sureties on the bond.   On the trial of the issue thus raised by the pleadings, and after evidence and charge of the court, the jury returned a verdict for the plaintiffs.   The defendant, being dissatisfied with the verdict, made a motion for a new trial, which was overruled, and she excepted.

The motion for a new trial complains of the charge of the court, and of failure to charge, and that the verdict is contrary to the law and the evidence.   The plaintiffs contend, that Mrs. Sharpe voluntarily borrowed the money from James H. Odom, Joseph H. Odom, and A. G. Williamson, for the purpose of paying it to Toombs

County for a shortage of her husband due to the county as tax-collector; that she herself received the money from the plaintiffs and paid it over to the ordinary of Toombs county; that the lenders were not the creditors of her husband to be paid with the money borrowed, and were not parties to any scheme or arrangement between the husband and wife to borrow the money for such purpose. On the other hand, it is insisted that the sureties *were* creditors of the husband, and that the mortgage was given to the creditors for money with which to pay the husband's debt, and is void because it is in violation of the statute which provides that "while the wife may contract, she can not bind her separate estate by any contract of suretyship, nor by the assumption of the debts of her husband, and any sale of her separate estate, made to a creditor of her husband, in extinguishment of his debts, shall be absolutely void." Civil Code, § 3007. Are the sureties here creditors of the husband?

"One who has entered into contract with a party as indorser, guarantor, or surety," is a creditor. 11 Cyc. 1195, and cases cited. *Banks* v. *McCandless,* 119 *Ga.* 793 (47 S. E. 332). *National Bank of Tifton* v. *Smith,* 142 *Ga.* 663 (83 S. E. 526), was an action by the bank against Mrs. Smith to recover the amount due on a note signed by her, payable to the order of the James Manufacturing Company, and indorsed by that company and W. E. James. The defendant pleaded, that the note was given to the company without consideration, and was made by her solely as an accommodation to W. E. James and the company, in order that the latter might secure the indorsement of E. A. Buck on notes given to the Commercial National Bank and the American National Bank of Macon; that she was a married woman, and E. A. Buck had full notice of that fact and of all the circumstances attending the execution of the note and the purposes for which it was made; that in substance her contract was one of suretyship, and being a married woman she was not liable thereon, by reason of the statute forbidding a married woman to bind her separate estate by a contract of suretyship. The jury found for Mrs. Smith. It was held: "One who contracts with the payee of an accommodation note, executed by a married woman, that on the faith of its security he will indorse a note for the payee for discount at a bank, and receives her note with full knowledge of all the facts, enters into an arrangement to make

the married woman ultimately liable to pay the debt of another; and such a contract will fall within the law's condemnation of contracts of suretyship by a married woman." We think the instant case comes within the principle decided in the *Smith* case. The sureties are creditors of the husband; and when the wife's separate estate is mortgaged to secure those creditors, who have borrowed the money from a bank to lend the defendant's wife for the purpose of paying the deficit in her husband's account as tax-collector, and the creditors take the wife's mortgage on her land, given to secure the note of the creditors, with a full knowledge of all the facts, as the evidence in this case discloses, this is but another way of making the wife a surety by taking her property in pledge to pay the husband's debt. The evidence is undisputed that one of the creditors, James H. Odom, agreed to raise the money with which to pay the shortage of the husband as tax-collector, and thus relieve him and his sureties, if Mrs. Sharpe would secure the sureties by a mortgage, which was done. It is argued that this was an original undertaking on the part of the wife, and that she voluntarily mortgaged her property to secure the money borrowed by the sureties in order to lend it to the wife, who was to settle the shortage with the county; but it is equally true that if the sureties are creditors of the husband—and we hold that they are,—this act is, on the principle decided in the *Smith* case, making the wife liable to pay the debt of her husband, which the law says shall not be done. So, irrespective of the instructions of the court to the jury, and of the failure to charge as complained of, we think that the wife's property, under the facts of this case, can not be thus taken in extinguishment of her husband's debts.

From what has been said, it follows that the court erred in refusing a new trial.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*