### DODGEN v. McCREA. (No. 1700.)

(Court of Civil Appeals of Texas. Amarillo. Oct. 27, 1920.)

**1. Pleading ☞433(3) — Complaint stating facts showing cause of action supports judgment, though proceeding on wrong theory.**

In an action by a surety who paid a balance due on notes, the complaint, which set out the facts of payment and the assignment of the notes to the surety, is sufficient to state a cause of action where not attacked by exception or otherwise, even though it proceeded on the erroneous theory that the sureties' rights were based on the notes, and in such case a judgment in favor of the surety on account of his payment cannot be questioned on the ground of the insufficiency of the complaint.

**2. Appeal and error ☞1010(1) — Findings supported by evidence not disturbed.**

A fact finding by the trial court, supported by evidence, will not be disturbed on appeal.

**3. Bankruptcy ☞421(3) — Discharge not a bar to claim of surety who had no notice.**

Discharge in bankruptcy will not bar the right of a surety who paid a debt due from the bankrupt, where the surety was not given the required notice, and had no actual knowledge of the bankruptcy proceedings prior to payment, even though the debt was scheduled and other creditors given notice.

Appeal from District Court, Fisher County; Chas. E. Coombes, Judge.

Action by L. H. McCrea against D. L. Dodgen. From judgment for plaintiff, defendant appeals. Affirmed.

Joe C. Randell, of Hamlin, for appellant.

E. A. Watson, of Roby, for appellee.

HALL, J. Appellee, McCrea, sued appellant to recover the sum of $1,615.84. It may be inferred from the language of the petition that appellee conceived that his right to recover was based upon the notes described therein. It appears that appellant, Dodgen, and his partner were indebted to the First National Bank of Roby, and that such indebtedness was evidenced by two notes, one for the sum of $2,241.28 and the other for the sum of $500, both being due December 5, 1915. Appellee, McCrea, was a surety upon said notes, and he alleges that he was the owner and holder of the notes at the time of the institution of the

suit; that on June 23, 1917, he paid said notes to the bank, and they were by the bank transferred to him; that Dodgen had refused to pay the notes, whereupon the bank threatened to sue appellee, and in order to avoid the suit appellee paid off and discharged the balance due, amounting to $1,615.84, and that said bank transferred said notes to appellee, without recourse. The pleading is subject to the construction that the action is based upon the notes themselves, since appellee alleges that he is entitled to recover the attorney's fees and interest at 10 per cent. as stipulated in the notes. The prayer is for "such other and further relief, both general and special, that he may be entitled to, both in law and in equity"; "that he have judgment for his debt in the sum of $1,615.84, interest and attorney's fees, and costs of suit," and for the foreclosure of the attachment writ, which had been issued and levied upon certain real estate belonging to Dodgen. By an original answer appellant pleaded the general issue, and specially defended upon the ground that he had been duly adjudged a bankrupt, and discharged from all liability upon said debt. By supplemental petition defendant alleged that the land levied upon was exempt from attachment because it was his homestead. There was a trial to the court without a jury, resulting in a judgment in favor of appellee, which recites:

"That the plaintiff is entitled to recover of D. L. Dodgen, as principal, on his implied obligation to reimburse the plaintiff, for one-half the amount paid by him on the notes described in plaintiff's petition, together with 6 per cent. interest thereon from date of such payment."

The court further finds as a fact, which is recited in the judgment, that appellant had abandoned the land in question as a homestead before the levy of the attachment thereon. Appellee has not favored us with a brief.

[1] The substance of the appellant's contention under various assignments is that the evidence does not support the court's finding that he had abandoned the premises as a homestead, and that the court erred in holding that the decree in bankruptcy did not discharge him from liability upon appellee's claim. He also further contends that the petition is a declaration upon the notes, and not upon the implied liability arising from the fact of the payment of the notes by appellee. While, as stated, the pleader evidently thought that McCrea's right to recover was based upon the notes, he alleges the failure of Dodgen to pay them; that he paid the balance due of $1,615.84, and that defendant is due and owing him said amount; that defendant refused, and still refuses, to pay the same, or any part thereof, to his damage in the sum of $1,615.84. No demurrer, either general or special, was filed by defendant, and the first question to be considered is, Did the court err under these allegations in rendering judgment for McCrea upon the implied obligation?

It is stated in Thompson v. Mills, 45 Tex. Civ. App. 642, 101 S. W. 560, that—

"It is well settled that a clear statement of the facts upon which liability is predicated, followed by a general prayer for relief, will, if the facts show a cause of action, be good as against a general demurrer, even if the suit be brought upon a wrong theory."

The questions urged here were not raised either by exception or objection to the testimony, and, under the rule quoted, we think the appellant's contention should be overruled.

[2] The assignment relating to the sufficiency of the evidence to show abandonment of the homestead raises an issue of fact, and since there is evidence in the record to sustain the court's finding, the assignment will be overruled.

[3] It appears from the statement of facts that the petition in bankruptcy was filed by Dodgen, and he was adjudged a bankrupt in September, 1915; that the notes in question were not due until December 5, 1915, and at this time were in the hands of and owned by the bank. From a copy of the schedules filed with his petition, in the federal court, at Abilene, it appears that the debt was properly scheduled. The evidence of McCrea, however, shows that he had no actual knowledge of the proceedings in the bankrupt court prior to the time he paid off the notes in June, 1917. He testified that the clerk showed him the records of the federal court at Abilene, which disclosed the fact that notice had been sent to the bank, and failed to show that any notice had been sent to him. This is sufficient to sustain a finding of the court that appellee never received the notice required by law. Upon this theory the judgment of the trial court will be sustained.

We find no reversible error, and the judgment is affirmed.