## 22349.  CAMPBELL v. RYBERT.

STEPHENS, J.  1. One who signs a note ostensibly as a coprincipal may in fact be a surety, and this may be established by parol.  If he is a surety he may, after paying the amount due by the principal, recover it in a suit against the principal, either in a suit upon the note after a transfer, or upon an obligation of the defendant arising otherwise. Civil Code (1910), §§ 3541, 3552, 3556; *Trammell* v. *Swift Fertilizer Works*, 121 *Ga.* 778 (49 S. E. 739); *Hardy* v. *Boyer*, 7 *Ga. App.* 472 (67 S. E. 205); *Jones* v. *Norton*, 9 *Ga. App.* 333 (71 S. E. 687); *Baggs* v. *Funderburke*, 11 *Ga. App.* 173 (74 S. E. 937); *Travis* v. *Sams*, 23 *Ga. App.* 713 (99 S. E. 239); *Duckett* v. *Martin*, 23 *Ga. App.* 630 (99 S. E. 151); *Paulk* v. *Williams*, 28 *Ga. App.* 183 (110 S. E. 632); N. I. L. § 29; 8 C. J. 273.

2. Since the comaker of a note may in fact be a surety, and, where he has paid the amount due on the note to the payee and taken a transfer of the note to himself, he may, in a suit on the note against the other comaker, recover the full amount thus paid, a judgment in his favor against the defendant in the full amount sued for and which the plaintiff had paid to the payee, although it does not appear from the record that the plaintiff alleged that he was in fact a surety upon the note, is nevertheless a valid judgment for the full amount.  Although the plaintiff may have brought suit in the justice's court upon the note attached to the summons without having filed any formal petition, he could recover thereon in the full amount sued for, on proof that he was in fact a surety, and could also have amended his suit by alleging this fact. The judgment, therefore, was not defective and subject to be arrested on the ground that the plaintiff was a joint principal, and not a surety, and could not recover of the other joint principal the full amount of the judgment which represented the full amount which the plaintiff had paid.

3. Where the note sued on contained a provision which accelerated the date of its maturity upon the happening of a certain contingency,—as a default in the prompt payment of certain designated instalments,—the judgment on the note is conclusive of the plaintiff's right to institute the suit prior to the date of maturity as expressed in the face of the note.

4. A motion to arrest the judgment on the ground that it appeared from the record that the judgment was in an amount greater than that which the plaintiff was entitled to recover, and also on the ground that it appeared from the record that the note sued on was not due, was properly overruled.

*Judgment affirmed.  Jenkins, P. J., and Sutton, J., concur.*

DECIDED JANUARY 12, 1933.  REHEARING DENIED FEBRUARY 4, 23, 1933.

*W. H. Terrell,* for plaintiff in error.  *T. B. Higdon,* contra.