## 26471. LAMIS v. CALLIANOS.

DECIDED JANUARY 22, 1938.

*Hilch, Denmark & Lovell, R. W. McDuffee,* for plaintiff in error.
*O. E. Bright, Perry Brannen,* contra.

GUERRY, J. The petition of P. A. Callianos against Harry Lamis is substantially as follows: "(2) That said defendant is indebted to your petitioner in the sum of two hundred and twenty-five ($225) dollars by reason of the following facts: (a) That on June 4, 1930, said defendant secured the indorsement of your petitioner on a certain note for fifty ($50) dollars principal, payable to Harry Lamis, and signed as maker by V. Broun. (b) That the said V. Broun failed and refused to pay said note, although said note had been previously discounted by the said defendant at the City Bank & Trust Company of Macon, Georgia; and since the said V. Broun and Harry Lamis both failed and refused to pay said note, payment was demanded of your petitioner, he being an accommodation indorser, and on the 22nd day of October, 1932, your petitioner paid to the City Bank & Trust Company the sum of fifty ($50) dollars and accumulated interest. That said City Bank & Trust Company assigned in writing to your petitioner said note, copy of said note together with the assignment being hereto attached marked exhibit A. (c) Your petitioner further shows that on August 22nd, 1932, said defendant executed and delivered to the Luther Williams Bank & Trust Company, of Macon, Georgia, his note in the amount of three hundred fifty ($350) dollars. (d) That the said defendant secured the accommodation indorsement of your petitioner and one Charles Lamis, and that the said

defendant failed and refused to pay said note when due upon demand, and that the said Luther Williams Bank & Trust Company called upon your petitioner and the said Charles Lamis for the payment of said note, and that on November 1st, 1930, your petitioner paid one hundred seventy-five ($175) dollars to the said Luther Williams Bank & Trust Company by reason of his indorsement, copy of said note together with indorsements and entries being hereto attached marked exhibit B." The defendant demurred to this petition on the grounds (1) that paragraphs 2(a) and (b) set forth no cause of action against the defendant, and (2) that paragraphs 2(c) and (d) set forth no cause of action against the defendant, and further that the cause of action set out in paragraphs 2(c) and (d) was barred by the statute of limitations. The judge overruled these demurrers, and exceptions to this judgment were taken.

■ It is the general rule that "the payee of a note who indorsed it to another is liable only to such indorsee or to subsequent holders of the note," and that "one who indorsed a note for the maker's accommodation, and pays the note, does not thereby become a purchaser, nor be entitled to hold the payee liable on his indorsement." Lingo v. Swicard, 150 Ark. 384 (234 S. W. 264). However, the petition in the present case alleged that the payee of the note (the defendant here) "secured the indorsement of your petitioner" on said note, and that the defendant and V. Broun, the maker, failed and refused to pay the note, although it had been previously discounted by the defendant at the City Bank & Trust Company of Macon, Georgia. If the note was thus indorsed by the plaintiff for the accommodation of the payee, he became an accommodation indorser for the payee; and there being no consideration flowing to him, he was not liable on the note to the payee. McLendon v. Lane, 51 Ga. App. 409 (180 S. E. 746), and cit. The Code, § 14-306, declares that "An accommodation party is one who has signed the instrument as maker, drawer, acceptor or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party." Therefore, under this section, the plaintiff became liable to the bank, who was the transferee thereof and a holder for

value. It is the general rule, supported by all authorities, that an accommodation party on a negotiable instrument who has paid the holder of the instrument may recover the amount paid from the party accommodated. See note in 36 A. L. R. 553. And this is true although the accommodated party may be the payee in the note. Foster *v.* Balch, 79 Conn. 449 (65 Atl. 574). "His payment, through the compulsion of his indorsement without value and for the defendants' accommodation, of a sum of money of which the defendants have received the benefit, entitles him to reimbursement. The law will, if necessary, imply the defendants' promise to make the plaintiff good." Id. Therefore the general demurrer to this part of the petition was properly overruled. There was no special demurrer to the petition, and the statute of limitations is not involved as to the cause of action set out with reference to the payment of the $50 note; and we do not deem it necessary to decide the question whether the plaintiff's action is restricted to an implied promise to pay, or whether he may sue upon the note. On this question the authorities seem to be in conflict. See cases cited in note in 36 A.L.R. 553; 77 A.L.R. 668; *Jones* v. *Norton,* 9 *Ga. App.* 333 (71 S. E. 687); *Campbell* v. *Rybert,* 46 *Ga. App.* 461 (167 S. E. 924), and cit.; *Turner* v. *Thompson,* 23 *Ga.* 49; *Griffin* v. *Lawton,* 54 *Ga.* 104; Code, §§ 14-421, 14-604, 14-606, 14-607; 14-609; 14-901.

■ In paragraphs 2(c) and (d) of the petition it appears that the defendant executed and delivered to the Luther Williams Bank & Trust Company, of Macon, Georgia, his note in the amount of $350, and that he secured the accommodation indorsement of the plaintiff and Charles Lamis thereon; that the defendant failed and refused to pay the note; and that on November 1, 1930, the plaintiff paid one half of the face amount of the note to the Luther Williams Bank & Trust Company. The note is attached to the petition as an exhibit, and the following appears thereon: "$175 paid by Chas. Lamas [Lamis] 11/1/30. $175 paid by P. A. Callianos, 11/1/30." Under these allegations it appears that the plaintiff was a surety on the note executed by the defendant to the Luther Williams Bank & Trust Company. Code, § 103-104. As such he had the right, "after paying the amount due by the principal, [to] recover it in a suit against the principal, either in a suit upon the note after a transfer, or upon an obligation of the defendant

arising otherwise." *Campbell* v. *Ryberl,* supra. It becomes necessary to determine whether the present action with reference to the $350 note is to be construed as one on the note or as one against the maker on an implied obligation to pay the plaintiff the amount paid out by him by reason of his indorsement of the note. If the action be one upon the note, it is not barred by the statute of limitations and the demurrer was properly overruled; but if it be one on the implied obligation, since more than four years have elapsed between the date of the payment of the note and the filing of the present suit, it is barred, and the judge should have sustained the demurrer. From the petition and the exhibit attached thereto it appears that the plaintiff paid only one half of the amount due on the note, and that Chas. Lamis, a cosurety, paid the other half.

The Supreme Court, in *Hull* v. *Myers,* 90 *Ga.* 674 (4) (16 S. E. 653) in holding that, under the Code, accommodation indorsers who have paid more than their pro rata share of the debt may sue jointly a co-indorser for contribution, founding their action upon the indorsed instrument, and will have the same time in which to bring suit as the creditor would have had on the same instrument, but that one of the subrogated indorsers can not sue severally on the note for his pro rata share of the contribution to which he and his co-owners of the note are entitled, said, with reference to the character of the suit there brought: "Enough has been said to show that there is no legal reason why such an action as the present might not be founded directly on the indorsed notes, and a recovery be had upon the contracts of indorsement, commensurate with the rightful claim to contribution. But is this action so founded? Manifestly it is not. A conclusive answer to the question is furnished by the fact that the plaintiff is not the sole owner of the notes, but only one of several cosureties who own them in common. According to the facts alleged in the declaration, the plaintiff alone did not pay off the notes but they were paid off by him in part and by the three others in part, the defendant paying nothing. Now, the creditor remained the legal owner until the last dollar was paid; there was no substitution as to either note until it was fully discharged, and the substitution which then actually took place was not the substitution of any one of the paying sureties in place of the creditor, but a substitution of them all jointly as owners in common. From thenceforth the notes stood,

with reference to the legal title, just as they would if they were payable on their face to these four persons only, or had been assigned to them by the creditor to whom the payment was made. . . Each owner became a part owner of a whole note, not the whole owner of part of the note. This being so, only one action would lie for contribution against the defendant upon his indorsement of either note, and that would be a joint action by all the owners, not an action brought severally by one of them in his own name alone." We think this language very pertinent to the present case. Both the plaintiff and Charles Lamis were owners of the note, each having paid one half of the amount, and any suit on the note against the maker would have to be a joint suit in their names. Thus the action must necessarily be construed, not as one on the notes, but as one on the implied obligation of the maker to pay; and since the petition shows on its face that more than four years had elapsed since the payment of the note, it follows that the ground of demurrer that as to this note the action was barred by the statute of limitations should have been sustained.

*Judgment affirmed in part and reversed in part. Broyles, C. J., and MacIntyre, J., concur.*