## In re SEIGEL.
No. 25644.

District Court, N. D. Georgia,
Atlanta Division.
Feb. 21, 1942.

F. L. Breen, of Atlanta, Ga., for bankrupt.

R. B. Pullen, of Atlanta, Ga., for creditors and respondents.

RUSSELL, District Judge.

This is an ancillary proceeding in aid of and to secure the protection of a discharge in bankruptcy granted Seigel, seeking to enjoin the prosecution of a suit by F. J. Lee against Seigel in the Civil Court of Fulton County.

After a hearing on the application, Lee was enjoined on the ground that the suit in the State court was upon a note, the collection of which was barred by the discharge in bankruptcy. Application for rehearing was granted, at which counsel for the plaintiff in the State court suit acknowledged his inability to recover attorneys' fees in the State court (the claim for which had largely induced this court to construe the suit as one upon the note), and contended that the suit was really upon the implied obligation of the maker of the note to reimburse him as a surety. Lee bases his right to proceed under the provisions of the Georgia Code, 103-302, which provides that payment by a surety shall entitle him to proceed against his principal for the sum paid, and the decisions of the Georgia Court of Appeals holding that in case of payment of an obligation by a surety, either of two causes of action arise, one upon the note and the other upon the implied obligation of the principal to reimburse the surety.

Upon further consideration the court is of the opinion that the contention of Lee is well founded, and that the liability, though contingent at the time of the bankruptcy of Seigel, may be now enforced against him.

The real question concerns the effect of the discharge in bankruptcy granted Seigel. The contingent liability of Lee was not made to appear in the bankruptcy proceeding, and Lee had no notice or knowledge of the bankruptcy. The bankrupt schedule contains the following: "Peoples Loan, Inc., Arcade Bldg., note secured by endorsers———approximately $150.00." Lee was a surety upon this note and subsequent to the discharge of Seigel was forced to pay it.

780

It is apparent that Lee was entitled to notice of the bankruptcy and that it was the obligation of the bankrupt, principal maker of the note upon which Lee was surety, to list him as a creditor within the terms of the Bankrupt Act. "'One who has entered into contract with a party as indorser, guarantor, or surety' is a creditor. 11 Cyc. 1195, and cases cited." Sharpe v. Denmark, 143 Ga. 156, 158, 84 S.E. 554, 555, Ann.Cas. 1917B, 617. The Federal rule is the same. Livingstone v. Heineman, 6 Cir., 120 F. 786, 789; United States F. & G. Co. v. Centropolis Bank, 8 Cir., 17 F.2d 913, 53 A.L.R. 295, and citations. There inheres in the relationship an implied obligation of the maker to reimburse the surety for payments he is required to make (Campbell v. Rybert, 46 Ga. App. 461, 167 S.E. 924; Lamis v. Callianos, 57 Ga.App. 238, 194 S.E. 923), and such liability therefore is provable as "a claim 'founded * * * upon a contract express or implied.'" Maynard v. Elliott, 283 U.S. 273, 51 S.Ct. 390, 391, 75 L.Ed. 1028. To the same effect is Williams v. United States F. & G. Co., 236 U.S. 549, 35 S.Ct. 289, 59 L.Ed. 713, holding that the claim of a surety of the bankrupt, even though the surety has not paid its obligation at the time of the adjudication, was barred by the discharge in bankruptcy. If such a claim is barred by discharge certainly such "creditor" or claimant is entitled to notice of the bankruptcy proceeding along with any other creditor. This conclusion is required by the provisions of the Bankruptcy Statute, § 57, sub. i, 11 U.S.C.A. § 93, sub. i, which permits such person contingently liable to prove the claim in the name of the creditor, as well as by General Order 21(4), 11 U.S.C.A. following section 53, which permits such claims to be proved in the name of the creditor when known by the party contingently liable, or if unknown, proved in his own name. True, but one dividend may be paid upon both the contingent and present claim and this in diminishment pro tanto of the original debt. However, such payment reduces the liability of the person contingently liable and is therefore a matter in which he is concerned. It thus appears that the right to notice is a substantial one and that a surety is entitled to be listed as a creditor or claimant in the bankruptcy proceeding so that he may take any steps necessary to protect his interest.

It is contended in behalf of Seigel that as the payee of the note filed proof of claim, and there were no assets, and as Lee could have claimed only through the Peoples Loan, Inc., which did file, that Lee has not been injured. This will not do, and too narrowly restricts the right of participation in the bankruptcy proceeding. Receipt of dividends is only one result of participation in the administration of the bankrupt estate and whether dividends are received is frequently dependent upon the vigor and result of prior participation in such administration, by which assets may be brought to light. Birkett v. Columbia Bank, 195 U.S. 345, 25 S.Ct. 38, 49 L.Ed. 231.

The benign purpose of the Bankruptcy Act "to relieve the honest debtor from the weight of oppressive indebtedness, and permit him to start afresh," Williams v. United States F. & G. Co., supra [236 U.S. 549, 35 S.Ct. 290, 59 L.Ed. 713], is recognized, but by the terms of the statute such relief can be obtained only from debts which have been duly scheduled in time for proof and allowance. As to the claim of Lee in this case, such was not done, and the effect is the same as would result from the omission to schedule any creditor by open account.

In the last analysis it is not so much a question of how the claim of the surety could have been proved, or definite evidence that benefit would have resulted to him, as the requirement that the surety was entitled to notice before his claim against the bankrupt should be held discharged by the bankruptcy, in which he was not listed and of which he had no knowledge.

Georgia courts hold that there are two obligations as between a surety and the maker of the note and that one may become barred and the other remain enforcible. Thus, in Lamis v. Callianos, supra, the court recognized that the obligation upon the implied promise was barred, while that upon the note itself was not. In this case the obligation upon the note is barred but the obligation of the implied promise is not. See also Dodgen v. McCrea, Tex.Civ. App., 225 S.W. 71, holding that "discharge in bankruptcy will not bar the right of a surety who paid a debt due from the bankrupt, where the surety was not given the required notice, and had no actual knowledge of the bankruptcy proceedings."

, As the debt due by Seigel to Lee upon his implied promise of reimbursement was not discharged by Seigel's bankruptcy, Lee, having paid off the note, is entitled to proceed against Seigel to recover the amount of such payment, and the injunction sought to prevent such suit is denied.