## 32456. GAY *v.* POWELL.

Decided May 18, 1949.

*Williamson & Crowe,* for plaintiff in error.

*Ford & Houston,* contra.

GARDNER, J. ■ We have set out the evidence with reference to the third item in the bill of particulars somewhat in detail. The evidence in some minor particulars is conflicting, but it is sufficient to sustain the verdict.

■ ■ Error is assigned in special ground one on the testimony of the plaintiff to the effect that the defendant told Powell that, if he would go on the note of $600 as surety for the money borrowed from Plair, Williams would sign it as surety also; and error is assigned on the explanation of a witness with reference to the $300 note signed by O'Kelley to Plair for $300; and how the said

note was paid, and with reference to the paying of $12.50 additional. This testimony was admitted over the objection of counsel for the defendant on the grounds, (1) that is was irrelevant and immaterial because any transaction Powell had with Plair could not bind the defendant, and (2) that there was no evidence that the defendant ever had any connection with the transaction between Powell and Plair or any knowledge of any transaction; that the O'Kelley note was not transferred to any person, not payable to Plair; that it was not shown that Plair had any right to the proceeds thereof, and that such transaction between Powell and Plair could not bind the defendant; that the transaction as related to the plaintiff regarding the O'Kelley note could not bind the defendant because there is no evidence that Gay invited payment by Powell or requested it, and that Powell was under no obligation to pay Gay's debts until a default by Gay.

Under the facts of this case, the overruling of the objection to this testimony was not error for any of the reasons assigned.

■ In the second special ground, error is assigned on the testimony of the witness, H. P. Plair, as set out above regarding the $600 note and how it was paid. The defendant assigns error because he moved to strike from the record the testimony of Plair with reference to the notes referred to by the said witness as having been turned over to him to secure that much of the note which Gay as maker and Powell and Williams, as sureties, signed as payable to the witness Plair, for the reason that the same is not authorized by the petition and the pleadings in the case, the plaintiff not suing upon any note as surety, but the suit being upon open account; and in order to render the testimony of the witness Plair competent, the suit should be brought upon a writing and not in a suit upon account, if the plaintiff is suing as surety; and upon the further ground that the defendant had nothing to do with the payment alleged to have been made by the plaintiff or any knowledge of such payment, and if such payment was made, it was a voluntary payment; and that the evidence which was admitted over objection was immaterial and prejudicial. There is no merit in this contention.

■ In special ground three, error is assigned because of the admission over the defendant's objection of the O'Kelley note,

dated December 12, 1944, and due February 15, 1945, for $300, payable to J. H. Powell, signed by O'Kelley, and marked paid February 13, 1945, bearing a notation in the corner of the note, "for balance of the purchase-price of land." Objection was made to this testimony because it was irrelevant and immaterial; had no bearing on the case or the issues; because there was no pleading authorizing the introduction of such testimony, or that the defendant Gay had any connection with the transaction whatsoever, and thus the evidence was wholly disconnected from the issues in the case, had no bearing on the case, and that the defendant Gay was not connected with this evidence in any way. Under the whole record, we think that this ground is without merit.

In special ground four, error is assigned on the following excerpt from the charge of the court: "I give you in charge, gentlemen, further in this connection and with respect to the other item of $312.50, which the plaintiff alleges and contends that he paid to H. P. Plair—that the same was paid to said H. P. Plair by the plaintiff by reason of his having stood a security debt with the defendant, J. H. Gay Sr., in the case, and that he paid the certain item of $312.50, which was one-half of the amount of the secured debt, which he had to pay by reason of having signed such security for the defendant; in this connection, gentlemen, I give you in charge that, as a general rule of law, payment by a surety or endorser of a debt past due would entitle such surety to proceed immediately against his principal for the sum paid with interest thereon and all legal costs to which he may have been subjected by the default of his principal. There is another general rule of law with reference to the payment of an amount for another—this is if you should believe, gentlemen, as contended by the plaintiff in the case, that he paid the sum, as contended by him, if you believe by a preponderance of the testimony that it was money paid by the plaintiff for the benefit of the defendant in the case and that such benefit accrued to this defendant, I give you in charge that an action may be had and maintained for money had and received. Such action lies in all cases where another has received money which the plaintiff in equity and good conscience is entitled to

recover and which the defendant is not entitled in good conscience to retain."

It is claimed that this excerpt is erroneous because it is argumentative and that the plaintiff was forced to pay $312.50, which was one-half of the security debt, for that it did not appear in the evidence that $312.50 was one-half of the security debt, and for the reason that the evidence discloses that the defendant had made numerous payments upon the said debt, and because there is nothing in the pleadings or the evidence that the plaintiff was ever requested or required to pay the said sum of $312.50, and the said charge was inapplicable because the suit was on an account and not on the written instrument; and that the said excerpt was inapt and foreign to the pleadings, confusing to the jury, and led the jury to pass upon issues not involved in the pleadings. If the plaintiff had paid for the benefit of the defendant' $312.50 under circumstances which did not require or authorize the plaintiff to do so, that was in the nature of a defense. It would seem throughout the whole record that the $300 O'Kelley note was one-half of the original security debt, and that $12.50 was the interest which the plaintiff was supposed to pay in addition to the $300. The defendant stated that he did not know how much he paid, that he thought he had paid the interest, and that he had no knowledge of any payment made by Powell as surety upon the note. Moreover the defendant himself destroyed the surety note. There was positive evidence, not only from the plaintiff but from others, that the $300 O'Kelley note went to pay the debt of the defendant. This was positive testimony. The defendant nowhere ever testified positively as to what amounts he paid on his own $600 note to Plair except the two checks which he paid to the other surety Williams. It might have occurred to the jury that, since he had so carefully retained the two checks which he paid to the surety Williams when he obtained his $600, he would have retained some evidence of any other payments he made on the note or that he would have retained the $600 note which he himself destroyed, because as he stated, he wanted to get it out of the way. If he had shown this, then the jury could have determined that there were no credits on the note of $312.50 paid by the plaintiff. When we view the charge as a whole, as applied

to the full record in this case, there is no merit in this contention.

■ Special ground five assigns error on the following charge of the court: "If you should believe, gentlemen, that the defendant received this money, as alleged, and in good conscience the plaintiff should have the money and the defendant is not entitled in good conscience to retain the money, and if you should believe it by a preponderance of the testimony, then your verdict would be in favor of the plaintiff for the amount so received by the defendant and paid by the plaintiff. That is with regard to the third item on the account, gentlemen." It is contended that this excerpt was error because it instructed the jury that the plaintiff was entitled to recover against the defendant for a payment made by a creditor of the plaintiff to the defendant, whether or not he was under any obligation to pay it and irrespective of whether there was any request, obligation, or requirement of the plaintiff to make such payment. Under the pleadings and the evidence, this exception is without merit.

■ We have not discussed the assignments of error based upon the exceptions pendente lite to the overruling of the defendant's demurrer to the petition. In substance, practically all of the assignments of error on both the general grounds and the special grounds are made with the view that the court erroneously overruled the demurrer to the petition. We have set out the petition, which was a suit on an account, and have copied the defendant's demurrer verbatim. Counsel for the defendant throughout the case places his burden of contention that the judgment should be reversed on the decision of *Blue* v. *Ford*, 12 *Ga.* 45. In that case the Supreme Court said in effect that, where a complaint is founded on an account and the evidence shows in the trial that there was a written contract *between the parties touching the subject-matter of the account*, the plaintiff could not proceed and was entitled to a nonsuit. The facts in that case and the principle of law applied are in no wise analogous to the question presented in the instant case, and therefore the several decisions relied on by counsel for the defendant following that decision are likewise not applicable in the instant case. It must be kept in mind that in the instant case there was no written contract between the parties as contemplated in the *Blue* case, supra. To our minds this court clearly settled the issue in the instant case

in *Lamis* v. *Callianos,* 57 *Ga. App.* 238 (194 S. E. 923). The court said: "Where two sureties discharge a promissory note upon default of their principal, each paying one-half of the face amount of the note, they may bring a joint action on the note against such principal, or each of them may sue the principal separately, not on the note, *but upon the implied promise of the principal to reimburse them.*" (Italics ours.) In the case just cited, the court further said, "A conclusive answer to the question is furnished by the fact that the plaintiff is not the sole owner of the notes. . . According to the facts alleged in the declaration, the plaintiff alone did not pay off the notes but they were paid off by him in part and by the 3 others in part, the defendant paying nothing." This decision seems to be a complete adverse answer, with perhaps the exception of a few minor details, to the defendant's contentions throughout the record. There are two other decisions to which we will call attention on the issue before us. In *Wright* v. *Pearson,* 48 *Ga. App.* 207, 209, 210 (172 S. E. 590), this court held that, in an action on an account with bill of particulars annexed as appears in the instant case, the plaintiff could recover either upon an express contract or on an implied contract, saying: "The plaintiff may prove either, or both, and then the jury may find such a verdict as they may think proper under the evidence." In the *Wright* case was cited *Johnson* v. *Quin,* 52 *Ga.* 485. That decision held that in an action on an account the plaintiff could recover either upon a special agreement to pay the amount charged or upon the implied contract in the nature of a quantum meruit. Under the liberal-pleadings act with reference to an account, it is not necessary to set forth the action in two counts, one count containing the special agreement and the other the implied agreement in general assumpsit. But under the act of the General Assembly with reference to a suit on an account the plaintiff may prove his case as fully as he would be able to do if the petition contained two counts, one count on the express contract and the other on the implied contract. When we view the exceptions pendente lite and the objections to the evidence and the assignments of error on the charge of the court, we conclude that the assignments of error throughout are without merit for the following reasons: (a) The demurrers and objections to the form of the pleadings are

settled by *Lamis* v. *Callianos*, supra. (b) The objections to the oral evidence as to the contract of suretyship, the note signed by Powell as surety, involving questions in the nature of defense, are without merit for one reason or another because the defendant himself destroyed the note. (c) When we view the charge of the court as a whole in the light of the pleadings and the evidence, assignments of error on the excerpts from the charge of the court are without merit.

Therefore, as a whole the court did not err in overruling the amended motion for a new trial for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*