## VETERANS LOAN AUTHORITY, A BODY CORPORATE AND POLITIC OF THE STATE OF NEW JERSEY, PLAINTIFF, v. JOSEPH W. JANATA, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided October 28, 1952.

*Mr. Jacob S. Kasdin,* special counsel for the plaintiff, for the motion.

*Mr. Edward F. Broderick,* attorney for the defendant, opposed.

Woods, J. S. C.  From the pleadings it would appear that the above cause of action is based on a promissory note made

by the defendant to the Bloomfield Bank and Trust Company in accordance with the Veterans Business Loan Act, with the payment being guaranteed by the Veterans Loan Authority under the terms of the act. In his answer the defendant sets up as a separate defense that the defendant filed his petition in bankruptcy in the United States District Court for the Eastern District of Louisiana and listed the Bloomfield Bank and Trust Company as an unsecured creditor in his bankruptcy proceedings, and contends that his claim was discharged as a result thereof. The plaintiff was not listed as a creditor in the bankruptcy proceedings and received no notice thereof.

The plaintiff, Veterans Loan Authority, now moves for an order dismissing the answer filed by the defendant on the ground that the answer does not set up a good defense to this action because the Veterans Loan Authority of the State of New Jersey was not listed as a creditor in the bankruptcy proceedings instituted by the defendant.

After reading the brief of the attorney for the plaintiff and the pleadings and hearing the oral argument of counsel, we conclude that the motion of the plaintiff must be granted.

*Collier on Bankruptcy* (14th ed.), *Supplement to Volume 1, paragraph* 17.23 states:

"The surety on a bankrupt's obligation is a creditor entitled to notice of bankruptcy. Hence, surety on a bankrupt's note, although he has not yet been called upon to pay it at the time of bankruptcy, is a creditor entitled to notice of bankruptcy and must be listed as such since the bankrupt has implied obligation to reimburse the surety for payment he is required to make and such liability is provable as a claim founded 'upon a contract, express or implied,' under Section 63a of the Bankruptcy Act."

The same rule of law has been followed in the case of *In re Seigel,* 43 *F. Supp.* 778, 780, (*D. C. Ga.* 1942), where the court held:

"One who has entered into contract with a party as indorser, guarantor, or surety is a creditor. 11 Cyc. 1195, and cases cited. * * * There inheres in the relationship an implied obligation of

the maker to reimburse the surety for payments he is required to make * * *, and such liability therefore is provable as a claim founded * * * upon a contract express or implied."

and in the case of *Dodgen v. McCrea*, 225 *S. W.* 71 (*Tex. Civ. App.* 1920), where in the court's opinion we read:

"Discharge in bankruptcy will not bar the right of a surety who paid a debt due from the bankrupt, where the surety was not given the required notice, and had no actual knowledge of the bankruptcy proceedings prior to payment, even though the debt was scheduled and other creditors given notice."

Motion granted.