LOTTINGER, Judge.
This is a proceeding to have a garnishment judgment dissolved and set aside, grounded on the fact that the judgment debtor was discharged in bankruptcy and the judgment under which said garnishment was issued was listed in the bankruptcy proceeding. From a judgment denying the “Motion to Dissolve the Garnishment” the defendant has appealed.
The record points out that on April 5, 1962, the Livingston State Bank and Trust Company filed suit on a promissory note in the amount of $2,080.00 plus interest and attorney fees against the defendant, N. L. Fairchild. This promissory note had been endorsed by Romey L. Shaffer and L. E. Kennard, and the bank prayed for the reservation of all of its rights against the endorsers, and also prayed for judgment against Fairchild. Judgment was rendered on the 31st day of May, 1962, against Fair- *15 child for $2,080.00 plus interest and attorney fees, and reserving all of the petitioner’s rights against Romey L. Shaffer and L. E. Kennard. On July 31, 1962, the Livingston State Bank and Trust Company assigned this judgment to Lawrence E. Kennard. The defendant, N. L. Fairchild, testified that he was never informed either verbally or in writing that an assignment of this judgment had taken place in favor of Kennard.
On July 14, 1966, N. L. Fairchild filed a petition in bankruptcy with the appropriate schedules listing the above judgment. Nowhere on these schedules does Mr. Fair-child list the two endorsers or the note sued upon by the Livingston State Bank and Trust Company. On April S, 1967, Fair-child was discharged in bankruptcy.
On February 18, 1970, Kennard filed a “Petition for Garnishment” attaching thereto the assignment of the judgment from the Livingston State Bank and Trust Company. The answers to the interrogatories were duly filed on February 23, 1970, and a judgment of garnishment was signed on March 2, 1970, and filed on March 3, 1970. On March 11, 1970, Fairchild filed a “Motion to Dissolve Garnishment” grounded on the fact that the judgment under which the Writ of fieri facias in connection with garnishment was issued had been listed in the bankruptcy schedule and Fair-child had been discharged in bankruptcy from said judgment. On March 23, 1970, Kennard filed a “Peremptory Exception” based on the grounds that the bankruptcy proceedings and subsequent discharge did not list Kennard or Shaffer as contingent creditors of the bankrupt. The Lower Court on March 26, 1970, sustained the exception of no cause of action and denied the “Motion to Dissolve the Garnishment Judgment”. It is from this judgment of the Lower Court that the defendant-appellant has appealed.
The defendant-appellant contends that since he had no knowledge that the judgment had been assigned to Kennard, and that he scheduled the debt in the only form that he had known it for the past three or four years, the judgment was properly scheduled and therefore discharged in bankruptcy. The appellee contends that the assignment of the bank’s judgment to Kennard did not change the appellee’s position as a creditor per se, inasmuch as he was an endorser on the note. It is further contended that where a maker of an endorsed note filed a petition in bankruptcy he has two creditors to schedule, i. e. the payee of the note and the endorser, if the 'endorser is known to him. In re Seigel, D.C., 43 F.Supp. 778, 780. The appellee further contends that there was no question but that the defendant knew Kennard was an endorser on the note.
In answer to this, the appellant contends that a judgment on a promissory note extinguishes its negotiability and is only transferable, as other credits are, by notification to the judgment debtor of such a transfer. In support the appellant cites Newman v. Irwin, 43 La.Ann. 1114, 10 So. 181 (1891) wherein the Court stated:
“In the instant case, the thing which the defendant claims to have been acquired by the transfer of the bank to him, is a judgment — or an interest in a judgment. A judgment is also a credit, a chose in action, an incorporeal right; and, like the credit, it cannot be negotiated otherwise than by assignment and due notice to the judgment debtor.
‘A judgment is the highest evidence of a debt, and the title merges in the judgment. So when a judgment is had upon a note, the latter is merged in the former, from which only by its reversal or re-cision can it be severed. * * * The debtor cannot then plead against the claim, thus merged in the judgment, any prescription but that which bars the latter.’ 1 Hen.Dig. p. 726, No. 6, and authorities.
‘A judgment neither creates, adds to, nor detracts from a debt. It only declares *16 its existence, fixes the amount, and secures to the creditor the means of enforcing its payment.’ Id. No. 8, and authorities.
It matters not that suit was brought and judgment rendered upon negotiable promissory notes. As the title to the debt merged in the judgment, its negotiability, as commercial paper, ceased; and not the precepts of the lex merca-toria, but those of the Civil Code, apply to its transfer and assignment.”
We are of the opinion that the defendant-appellant is correct in his contention based on the Newman case, supra. When a suit is based on a promissory note, and a judgment rendered, the promissory note becomes part and parcel of the judgment, and the two are nondistinguishable. Ken-nard as the assignee of the judgment was not proceeding to collect his claim under the promissory note which he had endorsed, but rather proceeding to collect his claim under the judgment which had been assigned to him. LSA-C.C. Art. 2643 provides :
“The transferee is only possessed, as it regards third persons, after notice has been given to the debtor of the transfer having taken place.”
Therefore, for the assignment of a judgment to be effective, the debtor must be notified.
Here Fairchild testified that he had never been notified either verbally or in writing that the judgment against him in favor of the bank had ever been assigned. For this reason alone, he listed the judgment on the bankruptcy schedule as belonging to the bank, and to no one else. Therefore, since the judgment was duly listed on the bankruptcy schedule, we are of the opinion that the defendant was duly discharged from any liability under this judgment. We are not called upon to adjudicate the rights of Kennard as an accommodation endorser on the note executed by Fairchild where Fairchild failed to list Kennard as a contingent creditor in the bankruptcy proceedings.
For the above and foregoing reasons the judgment of the Trial Court is reversed. All costs of this appeal to be paid by plaintiff-appellee.
Judgment reversed.