## 10047.  DUCKETT v. MARTIN.

1. A surety upon a note in which there is a waiver of homestead is discharged from liability thereon when it is shown that at the time he signed it there existed a secret agreement between the payee and the principal whereby the latter was to receive and did receive a usurious rate of interest; since the execution of such a secret verbal understanding and agreement operates to render void the waiver of homestead contained in the note, thereby increasing the liability of the surety. Lewis v. Brown 89 Ga. 115 (14 S. E. 881); Vaughan v. Farmers & Merchants Bank, 146 Ga. 51 (90 S. E. 478); Whilden v. Milledgeville Banking Co., 3 Ga. App. 69 (59 S. E. 336); Bank of Omega v. Ford, 20 Ga. App. 496 (93 S. E. 106). It is likewise true that if the payee, under a valid agreement with the principal and without the consent of the surety, extends the time of maturity as fixed by the obligation, a release of the surety will result; but in order to discharge a surety by an extension of time granted to the principal, not only must there be an agreement for the extension, but the indulgence must be for a definite period fixed by a valid agreement. Woolfolk v. Plant, 46 Ga. 422 (2); Bunn v. Commercial Bank, 98 Ga. 647 (26 S. E. 63); Ver Nooy v. Pitner, 17 Ga. App. 229 (2) (86 S. E. 456).

2. If two persons sign a note apparently as joint principals, and there is nothing in it to show that one is surety for the other, the presumption of law is that both are liable as joint principals; but this presumption is not conclusive and may be rebutted by parol evidence or by circumstances (Civil Code of 1910, § 3556; Trammell v. Swift Fertilizer Works, 101 Ga. 778, 49 S. E. 739); Hardy v. Boyer, 7 Ga. App. 472, 67 S. E. 205), the burden being upon the one thus claiming suretyship to establish the fact; and where he claims a discharge by reason of some act increasing his risk as surety, he must go further and show that the payee knew he was surety at the time of the act in question. Williams v. Peoples Bank, 9 Ga. App. 714 (72 S. E. 177).

3. Whether the relationship of a promisor to his payee is that of joint principal or that of surety is a question to be determined by the facts, and is not to be governed by the opinion that either of the parties

to the contract might have entertained.  *Williams* v. *Peoples Bank*, supra.

4. No valid assignment of error can be based on the court's act in admitting evidence, where in response to an objection the court states that it is not admitted generally, but is admitted for a special purpose, and the objecting party, after ascertaining the purpose for which it is to be admitted, makes no further objection to it. *Bowers* v. *Southern Railway Co.*, 10 *Ga. App.* 367 (6) (73 S. E. 677). Grounds 1 and 2 of the amendment to the motion for a new trial are therefore without merit.

5. When the excerpt from the charge of the court complained of in ground · 4 is considered in connection with the defense actually raised by the plea, it is not subject to the criticism made.

DECIDED APRIL 19, 1919.

Complaint; from Clarke superior court—Judge Cobb. July 20, 1918.

*J. C. Edwards & Sons, Stephen C. Upson,* for plaintiff in error.
*R. L. J. & S. J. Smith, John J. & Roy M. Strickland,* contra.

JENKINS, J.   J. D. Martin brought suit against W. H. Shelton and E. L. Duckett upon two promissory notes payable to the plaintiff and signed by the defendants apparently as joint principals, dated December 24, 1912, and due twelve months after date, with interest from date at the rate of eight per cent. per annum, each of which contained a waiver of homestead.   One of the notes was given in renewal, and was for $2,100, and the other was for a new consideration of $2,000, and certain credits were entered on each. Shelton filed no defense.   Duckett filed a plea that while the notes appeared to be signed by him as joint principal, he was really a surety only, and that this was known to the plaintiff at the time the notes were signed and accepted; and that he was released from liability as surety, for the reason that a secret agreement was entered into between the payee and the principal, Shelton, at the time the notes were signed, whereby Shelton was to pay and subsequently did pay to the plaintiff a usurious amount of interest, thereby rendering void the homestead waiver in the notes and thus increasing the risk of the surety.   The defendant Duckett pleaded as a further ground of release a novation of the contract, by reason of the fact that the time for payment had been secretly extended by the plaintiff for a period of one year; but the evidence fails to substantiate any valid agreement to that effect, under the rule stated in the first headnote.   Upon the trial of the case the jury returned a verdict for the plaintiff, for the full amount sued for.

The defendant made a motion for a new trial, which was overruled, and to this ruling the defendant excepts.

The evidence unmistakably sustains the allegations made by the plea relative to the payment of the agreed usury. The evidence of the plaintiff in nowise controverts this contention, since he admits that the notes were executed under the same agreement as was made in a previous loan, under which there was an understanding as to the payment of usury; and there is no dispute that usury was actually paid and received on the notes sued on, and it is also undisputed that Duckett was without any knowledge of such facts. On the question of suretyship, while the plaintiff testified that as to both of the notes sued on he considered Duckett a joint maker with Shelton, and not merely a surety, Ducket testified postively that he received no consideration whatever from either of the notes. As to the note for $2,100, the evidence of the plaintiff himself shows that this note was given in renewal of the balance due on a loan of $3,000 previously made to the defendant Shelton alone on December 24, 1909; that Shelton at that time turned over to him as security certain bank stock and a collateral note for $1,000 signed by one Smith; that shortly before the time the $2,100 note now sued on was executed, Shelton stated that the Smith note was due, and that he wanted to collect it, and inquired of the plaintiff, "If Mr. Duckett and I will make a note, will you release this Smith note?" The plaintiff further testified: "Based on that, this $2,100 note was made. That was the balance due in that original transaction. On the same date is a $2,000 note. He got both of those on the same date, renewal of one and got $2,000. . . When I first lent him [Shelton] I thought he was good. When I lent him that $3,000 [the previous loan] I had known Mr. Duckett for years, but Mr. Duckett wasn't heard of in the first $3,000 note. I lent that to W. H. Shelton. . . In one sense I thought Shelton was good at that time, but I took collateral for my money. . . I had the Smith note up as collateral. . . I took old man Duckett's name in the place of the Smith note." Thus, even though the plaintiff might in fact have considered that Duckett signed the $2,100 note as joint principal, this would not make him such, since the legal relationship of each party to the note must be determined by the facts, and is not to be governed by the mere opinion entertained by the parties to the contract. Applying to the facts as above stated

the rules of law set out in the first three headnotes, we are of the opinion that it is conclusively shown, as a matter of law, that the relation which Duckett sustained to the note for $2,100 was that of suretyship, and that the plaintiff must, under his own evidence, have had notice of this fact. This being true, Duckett was, by reason of the usury being secretly charged and received, and the consequent avoidance of the homestead waiver contained in that note, discharged from liability thereon. As to the note for $2,000 which was not taken in renewal, we think the questions as to whether Duckett was in fact a joint principal or merely a surety, and if a surety, whether the plaintiff had knowledge of the fact, were questions of fact for the jury to determine from the evidence submitted; and upon these questions the jury found in favor of the plaintiff. It is therefore ordered that the judgment overruling the motion for a new trial be reversed as to the defendant Duckett in so far as it relates to the note for $2,100, and affirmed so far as it relates to the note for $2,000; and that the judgment be re-molded accordingly.

*Judgment affirmed in part and reversed in part, with direction. Wade, C. J., and Luke, J., concur.*