### 38003.  DAVIS *v.* CARTER.

QUILLIAN, Judge. 1. In the bill of exceptions error is assigned on the judgment overruling the motion to dismiss the action. The defendant, plaintiff in error here, did not insist on this assignment in this court, hence the exception is treated as abandoned. *Roberts* v. *Baker*, 57 *Ga. App.* 733, 735 (196 S. E. 104); *Sockwell* v. *Lucas & Jenkins*, 71 *Ga. App.* 765 (32 S. E. 2d 201); *Savannah Asphalt Co.* v. *Blackburn*, 96 *Ga. App.* 113 (1) (99 S. E. 2d 511). The rule is set out in *Graham* v. *McCullough*, 58 *Ga. App.* 668 (1) (199 S. E. 773): "The assignment of error in the bill of exceptions upon the refusal of the court to dismiss the petition, on an oral motion by the defendant, not having been argued or insisted on in the brief of counsel for the plaintiff in error, is treated as abandoned."
2. Where, as in this case, a purchaser retained the goods he

obtained under the terms of a sale, and sold them to a third person, he is estopped to deny his liability for the purchase price and the retention of the goods is prima facie evidence of the validity of the same. The only ground of the amended motion insisted upon in this court being that the verdict was without evidence to support it, the rule pronounced in *Adler v. Adler*, 207 *Ga.* 394, 405 (61 S. E. 2d 824) is applicable here. It reads: "This court does not pass upon the credibility of witnesses, nor the weight to be given evidence on disputed facts. These are questions for the jury. Whether their verdict is contrary to the evidence, or contrary to its weight, or decidedly and strongly against its weight, is a question the law vests in the trial judge's discretion. He may grant a new trial on these grounds, but this court has no such power. Where the trial judge approves the verdict, the sole question for determination by this court is whether there is any evidence sufficient to authorize it."

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*

DECIDED NOVEMBER 24, 1959—REHEARING DENIED DECEMBER 4, 1959.

*Miles B. Sams,* for plaintiff in error.
*Joe W. Gerstein, John J. Jones,* contra.