42812.   SMITH v. THE STATE.

SUBMITTED MAY 1, 1967—DECIDED JUNE 20, 1967.

*Charles R. Smith,* for appellant.
*Lewis R. Slaton, Solicitor General, J. Walter LeCraw, J. Robert Sparks, Amber W. Anderson,* for appellee.

BELL, Presiding Judge. ■ The defendant was convicted of the offense of burglary. The evidence showed that at 11:15 p.m. on June 12, 1966, the defendant departed from the residence of the witness Pilcher in Chamblee, Ga., driving a 1966 Ford station wagon belonging to his employer. The witness McMillan, an employee of Central Chevrolet Company in Atlanta, went to his employer's sales offices at 12 a.m. Hearing noises in another part of the building, he yelled "Who is in here?" and the noise stopped. On investigation he saw someone running away from the rear of the building. A window had been broken in the rear of the building, and someone had rolled a safe from one of the offices into a back room, turned it over and attempted to rip it open. The keys to the 1966 Ford station wagon were found on the ground outside the building three of four feet from the broken window, and the car was found parked behind a building on adjoining property. Although unable to make a positive identification of the defendant, McMillan testified that the intruder was a white male similar to defendant in height, weight and age and that the intruder's profile fit the defendant. McMillan also picked the defendant out of a police line-up as the person resembling the intruder. In his unsworn statement defendant said that he drove home, parked the 1966 Ford in his driveway at about 11:30 p.m., and left the keys on the sunvisor in the car. He then took a shower, received a telephone call from the witness Potts at 12:05 a.m., watched television for a while, and went to bed. When he got up in the morning, the car was gone. The witness Potts, a business associate of defendant, testified that he called the defendant's home on the telephone at 12:05 a.m., identified defendant by voice, and discussed business with him for 25 or 30 minutes. However, the evidence showed that there would not have been sufficient time between 11:15 p.m. and midnight for defendant to drive from Pilcher's residence to defendant's residence and then for someone else to take the car and drive from defendant's residence to the Central Chevrolet premises, break into the building there and accomplish the extent of damage done to the safe. This evidence, showing that it would have taken 15 minutes to drive from Pilcher's resi-

dence to the Central Chevrolet premises and an additional 30 minutes, at least, to break in and work on the safe, indicated that the car was driven directly from Pilcher's to Central Chevrolet. As the facts proved by circumstantial evidence were sufficient to exclude every other reasonable hypothesis save that of defendant's guilt, the jury was authorized to disbelieve the alibi evidence given by the witness Potts and to return a verdict of guilty.

█ Enumerations 5, 7 and 8 allege that the court erred in admitting certain evidence.

At the time of his arrest on the burglary charge defendant was advised of his right to be represented by counsel. Two days later, while defendant was free on bail, detective B. F. Addison went to defendant's home and asked to speak with him. Defendant said "I don't want to discuss anything concerning the burglary. I was advised by my attorney not to make any statements concerning the burglary." Detective Addison replied that he did not want to talk about the burglary charge. Addison then related to defendant that he had received a report from an informer that defendant had lost $4,000 gambling in Las Vegas and that a man called Butcher was in town to collect from defendant. The ostensible purpose of the detective's visit to defendant's home was to offer him police protection. Defendant denied knowing anyone named Butcher, but admitted that he had lost an amount less than $4,000 in Las Vegas and had made arrangements to pay this debt.

Anticipating that the State planned to offer into evidence the substance of this conversation between defendant and detective Addison, defendant's counsel requested a preliminary hearing outside the presence of the jury before the evidence was offered. During the preliminary examination, defendant's counsel stated his objections to the admission of the evidence. The court overruled the objections, advising counsel that the evidence would be admitted to illustrate motive. The court also advised counsel that the court would not "regard objections as made continuously" and that it would be necessary to renew objections when the evidence was offered. The jury was recalled, and when the evidence was offered, counsel failed to renew the objections on which Enumerations 5, 7 and 8 are based.

In this state it is necessary to object to evidence at the time it is actually offered, and failure to do so amounts to a waiver of any objection which defendant might have had. Objections made during the preliminary examination of the witness could not be considered as objections to the testimony subsequently given. *Sides v. State,* 213 Ga. 482, 487 (5) (99 SE2d 884); *Jackson v. State,* 108 Ga. App. 529 (133 SE2d 436). Enumerations 5, 7 and 8 are without merit.

■ The sixth enumeration is based on an objection voiced when the evidence was admitted. This objection was addressed to that portion of detective Addison's testimony in which he stated that he related to defendant the substance of the information that he had received as to his gambling loss. In response to the objection the court instructed the jury that the testimony would have no probative value for the purpose of showing that defendant had lost $4,000. The court thus admitted the evidence for the limited purpose of illustrating the circumstances under which defendant made the admission referred to. As defendant failed to renew the objection after the court's ruling thereon, the sixth enumeration is without merit. *Mickle v. Moore,* 193 Ga. 150, 153 (17 SE2d 728); *Bowers v. Southern R. Co.,* 10 Ga. App. 367, 374 (73 SE 677); *Duckett v. Martin,* 23 Ga. App. 630 (4) (99 SE 151).

■ The ninth enumeration complains of a portion of the court's charge to which defendant failed to make any objection as required by the 1965 Appellate Practice Act (Sec. 17 (a), Ga. L. 1965, p. 18 as amended by Sec. 6, Ga. L. 1966, pp. 493, 498). See *Carnes v. State,* 115 Ga. App. 387, 393 (154 SE2d 781); *Barnes v. State,* 115 Ga. App. 431 (1) (154 SE2d 878); *Joiner v. State,* 223 Ga. 367 (155 SE2d 8). This enumeration is without merit.

*Judgment affirmed. Pannell and Joslin, JJ., concur.*