## 54660. CAMPBELL v. WILSON et al.

WEBB, Judge.

In this medical malpractice suit Campbell enumerates as error on appeal from a judgment in favor of the defendant doctors the admission of certain evidence on cross examination of his medical expert.

1. During colloquy out of the jury's presence immediately prior to calling Campbell's medical expert Dr. Jacobs, Campbell's attorney stated that he would object to any evidence of a "controversy" between Dr. Jacobs and the federal government in regard to Medicare and Medicaid fees. The trial judge declined to rule at that time, stating that he would have to wait "until it develops," that he thought it would be a jury issue but he would "wait and see how it comes up." The jury was recalled and the anticipated evidence was admitted without further objection. Campbell now characterizes this colloquy as a motion in limine and asserts error in the failure of the court to grant this motion.

"In this state it is necessary to object to evidence at the time it is actually offered, and failure to do so amounts to a waiver of any objection which defendant might have had. Objections made during the preliminary examination of the witness could not be considered as objections to the testimony subsequently given. *Sides v. State,* 213 Ga. 482, 487 (5) (99 SE2d 884); *Jackson v. State,* 108 Ga. App. 529 (133 SE2d 436)." *Smith v. State,* 116 Ga. App. 45 (2) (156 SE2d 380) (1967). This enumeration is without merit.

2. Campbell also complains of cross examination of Dr. Jacobs regarding his expulsion from the Fairfax County (Virginia) Medical Society, and the introduction of the transcript of those proceedings. Code Ann. §

88-3204, relied upon by Campbell, is inapposite here. Furthermore, no objection was made to this evidence at the time of trial. This enumeration likewise cannot be sustained.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

ARGUED OCTOBER 5, 1977 — DECIDED OCTOBER 26, 1977.

*William D. Smith,* for appellant.
*Hunter S. Allen, Jr.,* for appellees.