62272, 62273. CHANCE v. HANSON et al. (two cases).

POPE, Judge.

Appellants Betty Jean Chance and her husband, Johnny E. Chance, each filed an action against appellees Connie Rene Hanson and her parents. Both appellants alleged that Miss Hanson, while driving an automobile owned by her mother, negligently struck the rear of an automobile being driven by Mrs. Chance. Mrs. Chance sought to recover damages for lost wages and for pain and suffering which arose out of this incident, and Mr. Chance sought to recover damages for a resultant loss of consortium. Following the presentation of evidence, a jury returned a verdict in favor of appellees in both cases. The trial court denied appellants' motion for new trial. On appeal appellants enumerate as error the general grounds challenging the sufficiency of the evidence to support the verdict. Appellants also enumerate as error several portions of the trial court's charge to the jury.

1. "After a verdict, the evidence is construed in its light most favorable to the prevailing party, for every presumption and inference is in favor of the verdict." *Brown v. Wingard,* 122 Ga. App. 544 (1) (177 SE2d 797) (1970). If there is any evidence to sustain the jury's verdict, this court will not disturb it. *United Ins. Co. v. Moore,* 147 Ga. App. 815 (2) (250 SE2d 810) (1978).

The evidence most favorable to appellees in this case showed that Miss Hanson was returning from work in Atlanta to her home in Lawrenceville. Although the streets were dry in Lawrenceville, Miss Hanson had been driving through rain all the way from Atlanta. Once in Lawrenceville Miss Hanson encountered heavy, bumper-to-bumper traffic. Miss Hanson described the collision thusly: "I was driving down [State Route] 316 and I would stop my car and start back up as the traffic in front of me was stopping and going. The car in front of me . . . [braked] suddenly and when I applied my brakes I slid into her. Q. In other words, you did slide? A. Well, when I

applied my brakes I did not stop on impact — I had been driving through rain all the way from Atlanta and my tires I felt like seemed to lose a little bit of traction when I hit her and I slid into her. I was not going very fast." She testified that she was traveling no faster than 5 miles per hour.

The police officer who investigated the incident did not issue a citation. He estimated Miss Hanson's speed at 5 miles per hour. The officer inquired as to whether anyone had been injured, but no one at the scene reported an injury to him. Based upon what he saw and heard at the time, the officer did not believe anyone had been injured as a result of the collision. Only Mrs. Chance claims to have been injured; however, she was driving as she and her husband left the scene in their automobile.

"In rear-end collision cases the liability, degree of liability, or lack of liability on the part of any involved driver depends upon a factual resolution of the issues of diligence, negligence, and proximate cause. . . . [T]hese issues should be resolved, except in the very rare cases [where there is an admission of liability or an indisputable fact situation clearly establishes liability], by the jury and not by trial and appellate judges." *Atlanta Coca-Cola Bottling Co. v. Jones,* 236 Ga. 448, 451 (224 SE2d 25) (1976). There being nothing in the record to indicate that the case at bar was one of those "rare cases" referred to by our Supreme Court in *Jones,* supra, the evidence before the jury was sufficient to support the verdict. *Powell v. Jackson,* 142 Ga. App. 34 (234 SE2d 837) (1977); *Hay v. Carter,* 94 Ga. App. 382 (94 SE2d 755) (1956). Compare *Wallace v. Yarbrough,* 155 Ga. App. 184 (2) (270 SE2d 357) (1980). Therefore, appellants' Enumerations Nos. 1, 2, 3 and 4 are without merit.

2. "To warrant the [trial] court in charging the jury on a given topic . . . it is not necessary that the evidence should shine upon it with a clear light. It is enough if glimpses of it be afforded by the evidence. Truth is often dim, but is truth nevertheless. Frequently amongst the facts best proved is one which no witness has mentioned in his testimony, such fact being an inference from other facts." *Brown v. Matthews,* 79 Ga. 1 (2) (4 SE 13) (1887). Applying these principles to the evidence presented in the case at bar, the trial court properly charged the jury on the doctrines of contributory negligence, accident, and sudden emergency. Accordingly, appellants' Enumeration Nos. 5, 6 and 7 are not meritorious.

3. Appellants' final enumeration cites as error the trial court's failure to charge the jury on the doctrine of estoppel pursuant to their oral request. Appellants contend that since appellees' insurance carrier had paid appellants in settlement for damage to their automobile, appellees were estopped to deny liability for the damages

alleged in appellants' personal injury complaints. However, in cases arising from the alleged negligent operation of a motor vehicle in which said negligence results in both physical injuries to the person and injuries to the property of a person, "the fact that a settlement has been made or a judgment rendered in the action for property damage shall not be admissible in evidence in the action for physical injuries to the person." Code Ann. § 105-1302a. Since the property settlement could not be utilized by appellants as an admission of liability in their cases,[1] the trial court properly denied appellants' request to charge as to estoppel. See Code Ann. § 38-114.

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 9, 1981.

*Glyndon C. Pruitt,* for appellants.
*J. L. Edmondson,* for appellees.

---

[1] We include Mr. Chance's action for loss of consortium under the coverage of this statute because that action was founded upon the physical injuries to his wife as the result of Miss Hanson's allegedly negligent operation of her automobile. See Code Ann. §§ 53-511; 105-107.