### 67918. WRIGHT v. WRIGHT.

BIRDSONG, Judge.

Money Had and Received. The facts giving rise to this controversy show that Mary Wright is the sister of David Wright. In the late 1960's and early 1970's, Mary Wright resided in New York, and David Wright lived in Brunswick. David was in frequent contact with Mary and solicited Mary to come back to Georgia to aid in caring for their aging mother. Mary sent $3,000 to David as partial payment on an old house in Brunswick. Two thousand dollars was paid down by David and a mortgage for the remaining $3,200 was signed by Mary. David acted as broker for Mary and purchased the house but the deed to the house was placed in David's name. Subsequently, Mary continued to send money to David who deposited the money into a joint banking account. This additional money was for the purchase of a second

house to be used for their mother's home. The first house was rented, and the rental income plus a small monthly amount was taken from the $1,000 remaining from Mary's original $3,000 deposit. Within the next ten years, the first house was paid out completely. A second house was purchased utilizing money furnished jointly by Mary and the proceeds of an insurance policy contributed by the mother. In the mid-1970's Mary moved back to Brunswick and for a time lived with her mother in the second house purchased. Subsequently, the tenant left the first house, and Mary moved into the first house and left her mother in the second.

Mary offered evidence that she either deposited herself or sent to her brother David for deposit over $10,000 to be used for the purchase of the two houses. While there is some dispute as to the amount of money actually sent to David by Mary, David admitted the receipt of money and the deposit of most of that money into the joint account. David also admitted that he did not deposit any of his own money into the account, only that of his sister and his mother. Mary sought to have David transfer the deed to the first house to her name. David, maintaining that all the money was sent without limitation, contended the money was used by him to buy the house for his mother and to keep the two houses in repair. He offered evidence that he had spent more money in repairs than Mary had sent. As a result, David would not deed the house to Mary unless she paid him for his repair costs. Mary then brought the present suit seeking the return of the money she sent to David, arguing that he had used the money for his personal use and not for the purpose intended. David countered with the argument that Mary had voluntarily sent money for unrestricted purposes as a family member and was not entitled to any reimbursement. The jury returned a verdict for Mary and that verdict, modified to the amount of the claim, was made the judgment of the court. David Wright brings this appeal enumerating three alleged errors. *Held*:

1. In his first enumeration of error, David Wright complains the trial court erred in admitting unspecified plaintiff's exhibits which were not included in a pretrial order, in contravention of local court rules.

Wright does not specify at what point in the record the particular plaintiff's documentary evidence was admitted. We have diligently searched the record and find many documents offered and admitted usually without objection, or if objection was made, that objection subsequently waived. At no point is there an objection based upon a failure of the pretrial order to provide for the admissibility of evidence. In the absence of an appropriate page reference to the asserted error, we are unable to review this enumeration. *United States Shoe Corp. v. Jones*, 149 Ga. App. 595, 598 (5) (255 SE2d 73). Furthermore,

while evidence may be subject to objection, if no objection is made in the trial court, or if the only objection made is non-availing, no reversible error is committed by the trial court in admitting the evidence. *Campbell v. Wilson*, 143 Ga. App. 656 (1) (239 SE2d 546).

2. Appellant contends in his second enumeration that the trial court erred in refusing to give his first requested charge. That request stated that payments of claims made through ignorance of law, without misplaced confidence and without artifice, deception or fraud, are considered voluntary and usually cannot be recovered.

We find no error in this refusal to charge by the trial court. The evidence does not show that Mary Wright was paying her brother a "claim." There is evidence, which if believed by the jury, that could establish that Mary made voluntary bank deposits through her brother and that he might have used the money for purposes which were not contemplated. Though the understanding of the parties was in dispute, the issue was fully developed and presented to the jury and the jury elected to believe that the money was deposited for a particular purpose and not for unrestricted purposes as claimed by David. This was sufficient to support the modified verdict of the jury. *Thompson v. Hill*, 143 Ga. App. 272, 276 (238 SE2d 271).

A requested charge should be given only where it embraces a correct and complete principle of law which has not been given in the general instruction and where the request is pertinent and adjusted to the facts of the case. *SCM Corp. v. Thermo Structural Prods.*, 153 Ga. App. 372, 379 (7A) (265 SE2d 598). The court charged the jury that Mary Wright was only entitled to recover money which in good conscience remained hers and which David in good conscience was not entitled to retain. David Wright was allowed to argue voluntary contribution without limitation of use. Thus the issue raised by the appellant in the case was fairly presented to the jury. We find no error in the charge or failure to charge by the court. See *Todd v. Fellows*, 107 Ga. App. 783 (131 SE2d 577). There is no merit in this enumeration.

3. David Wright contends that counsel for Mary Wright made prejudicial comments in closing argument. David Wright moved for a mistrial contending that plaintiff commented upon defendant's failure to avail himself of a closing argument. The denial of this motion constitutes the basis of the last enumeration.

Apparently by common consent in order to reduce costs, a full record was not prepared in this case. As a result, closing arguments were not transcribed and are not a part of the transcript before us. All that appears is a charge by the trial court concerning waiver of argument and an implied reprimand if a comment was made as to a contrary procedure followed.

Even assuming improper argument on the part of Mary Wright's

counsel, there is no record to clarify the issue. Thus, there is no showing that a proper rebuke was not utilized by the court. In the face of a silent record, there is a presumption that the court did in fact take proper action, and this court will invoke the presumption that the trial court did its duty and properly instructed the jury. See *McCluskey v. American Oil Co.*, 225 Ga. 63 (165 SE2d 830). Moreover, counsel has wide latitude to argue every valid presumption and inference and the fact that a deduction may be illogical, unreasonable, or even absurd, is a matter for reply by adverse counsel and not necessarily rebuke by the court. *Miller v. Coleman*, 213 Ga. 125, 130 (97 SE2d 313). Thus, even if we assume error arguendo, in the face of a silent record, we will not presume error.

*Judgment affirmed. Quillian, P. J., concurs. Carley, J., concurs in the judgment only.*

DECIDED APRIL 5, 1984.

*Ivan H. Nathan*, for appellant.
*Orion L. Douglass*, for appellee.