## 71718. VERDE et al. v. GRANARY ENTERPRISES et al.
(345 SE2d 56)

CARLEY, Judge.

Appellant Mrs. Deborah Verde brought suit to recover damages for personal injuries she sustained when the automobile in which she was riding was struck from the rear. Her husband, appellant Paul Verde, sought damages for loss of consortium. Defendants in the action were appellee The Granary Enterprises, Inc., owner of the truck, and its employee, appellee, Mahlon Lewis Risely, who was operating the truck at the time of the collision. A jury returned verdicts in favor of both appellee defendants and against both appellant plaintiffs. The trial court entered judgment on those verdicts. Appellants appeal from the entry of judgment on the verdicts and the denial of their motion for new trial.

1. Several enumerations of error raise the general grounds. Although appellants contend that the verdicts are against the weight of the evidence, weighing the evidence is a function for the jury and the trial court, not an appellate court. *Ridley v. State*, 236 Ga. 147, 149 (223 SE2d 131) (1976); *Seaboard A.L.R. Co. v. Benton*, 43 Ga. App. 495, 505 (19) (159 SE 717) (1931). With regard to the sufficiency of the evidence, appellants urge that, merely because a rear-end collision occurred, their right to recover is established as a matter of law. However, the Supreme Court rejected this contention in *Atlanta Coca-Cola Bottling Co. v. Jones*, 236 Ga. 448 (224 SE2d 25) (1976). " 'In rear-end collision cases the liability, degree of liability, or lack of liability on the part of any involved driver depends upon a factual resolution of the issues of diligence, negligence, and proximate cause. . . . [T]hese issues should be resolved, except in the very rare cases [where there is an admission of liability or an indisputable fact situation clearly establishes liability], by the jury and not by trial and appellate judges.' [Cit.] There being nothing in the record to indicate that the case at bar was one of those 'rare cases' referred to by our Supreme Court in *Jones*, supra, the evidence before the jury was sufficient to support the verdict. [Cits.]" *Chance v. Hanson*, 160 Ga. App. 329, 330 (287 SE2d 57) (1981).

2. Appellants contend certain testimony was erroneously elicited by appellees, in violation of an earlier ruling by the trial court in connection with appellants' motion in limine. When this objection was raised below, the trial court recalled that, at the pre-trial hearing on appellants' motion in limine, it "did not ever make a ruling as such on" the admissibility of the evidence. Our review of the transcript of the hearing on the motion in limine shows that the trial court is entirely correct. However, even assuming that the trial court had ruled on appellants' motion for limine and that eliciting the contested evidence were violative of that ruling, this alone would not establish re-

versible error. The introduction of the evidence must still be shown to be harmful error. See *Reno v. Reno*, 249 Ga. 855 (1) (295 SE2d 94) (1982). In this regard, the trial court found that the evidence that had been elicited was not "particularly harmful, nor harmful, period." Even assuming for the sake of argument that the evidence was irrelevant and immaterial, it was not "so prejudicial as to require reversal. [Cit.]" *Bob Maddox Dodge v. McKie*, 155 Ga. App. 263, 264 (270 SE2d 690) (1980).

3. Appellants contend that the trial court erroneously charged the jury as follows: "I charge you that the mere fact that a vehicle is struck in the rear, is not sufficient to fix liability on the driver of the vehicle to the rear of the vehicle which is struck." As noted above, this is a correct statement of the law. *Atlanta Coca-Cola Bottling Co. v. Jones*, supra; *Chance v. Hanson*, supra.

4. Appellants urge that the trial court erred in refusing to give several of their oral requests to charge. "Requests to charge must be timely and properly submitted in *writing*. [Cits.] 'It is never error to deny an *oral* request to charge.' [Cit.]" (Emphasis supplied.) *Slaughter v. Linder*, 122 Ga. App. 144, 146 (176 SE2d 450) (1970).

5. Appellants assert that counsel for appellees was erroneously allowed to make an improper closing argument to the jury. When allegedly improper argument is made to the jury, opposing counsel must object at trial or otherwise invoke a ruling of the trial court. Failure so to object constitutes waiver. *Cochran v. State*, 213 Ga. 706 (100 SE2d 919) (1957); *Moseley v. Moseley*, 214 Ga. 137 (103 SE2d 540) (1958). Close scrutiny of the record reveals that appellants' counsel failed to object to any of the arguments that are now claimed to be improper.

6. On cross-examination, Mrs. Verde was questioned with respect to a medical examination that she had been ordered by the court to undergo. Appellants' counsel objected that the questioning was "misleading to the jury. I don't think there was an independent Order to the Court . . . I think it was at request of Defendants for an order." Thereafter, both the trial court and appellees' counsel stated that the reference had been to an examination that had been ordered by the court at the request of appellees and not to an examination that had been ordered by the court sua sponte. The entire colloquy ended with the trial court's observation: "That ought to clarify it." No other objection was raised by appellants.

Appellants urge on appeal that this portion of Mrs. Verde's cross-examination was misleading and prejudicial. It is clear, however, that in response to appellants' objection, the jury was apprised of the fact that it was appellees and not the court that had initiated the medical examination. Although appellants now urge other reasons why the questioning was misleading and prejudicial, none of them was raised

before the trial court. Accordingly, we cannot consider them on appeal. *Holiday Homes v. Bragg*, 132 Ga. App. 594, 597 (4) (208 SE2d 608) (1974); *MacDonald v. MacDonald*, 156 Ga. App. 565 (275 SE2d 142) (1980).

7. Appellants assert that it was error to allow into evidence certified copies of an indictment, plea, conviction and sentence of appellant Mr. Verde for financial transaction card theft. These documents were offered for purposes of impeaching Mr. Verde by showing his conviction of a crime involving moral turpitude. The procedures employed by appellees were entirely proper, and there was no error. See generally *Doggett v. Simms*, 79 Ga. 253 (1) (4 SE 909) (1887).

Appellants also contend that the trial court erred in allowing the introduction of the indictment without first masking it as to any reference made therein to their daughter, who had been one of their witnesses in the instant case. Appellants' daughter was not listed on the indictment as a defendant. However, her name did appear numerous times in its material allegations. Appellants could only have been prejudiced by introduction of the unmasked indictment if the jury concluded that it reflected unfavorably upon their daughter's credibility as a witness in the instant case. However, it is clear that the masking over of numerous portions of the material allegations of the indictment was not a viable solution to this potential unwarranted construction of the evidence. See *Foster v. Waverly Hall United Dev. Corp.*, 159 Ga. App. 710 (2) (285 SE2d 35) (1981).

It does not appear that appellants requested any limiting instructions as to the permissible scope of the impeaching evidence. Moreover, the testimony that was given by appellants' daughter in the instant case related solely to the issue of damages, not appellees' liability. Accordingly, even if proper limiting instructions had been requested but refused, no reversible error would be shown. Cf. *Fritz v. Eller*, 153 Ga. App. 300 (2) (265 SE2d 72) (1980).

8. Appellants enumerate as error the trial court's exclusion from evidence of certain portions of the depositions of two physicians. The trial court sustained appellees' objection that the testimony was based upon hypothetical questions which were not supported by facts in evidence. Georgia law is clear that an expert witness may not give opinions which are based on hypothetical questions not supported by facts in evidence. "Facts used in the question must have evidentiary foundation at the time they are propounded, [cit.], and must be facts established in evidence. [Cit.]" *Rogers v. Eckerd Drugs*, 149 Ga. App. 788, 790 (256 SE2d 130) (1979). Under this standard, there was no error in sustaining appellees' objection to the deposition testimony.

9. There being no reversible error, the trial court did not err in denying the motion for new trial.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED APRIL 17, 1986.

*Francis G. Jones, Jr., Francis G. Jones III*, for appellants.
*William P. Rowe III*, for appellees.