A89A0721. JOHNSTONE v. MALONE OFFICE EQUIPMENT COMPANY, INC.
(384 SE2d 208)

BEASLEY, Judge.

Following the denial of his motion for new trial, plaintiff Johnstone appeals the judgment entered on the jury's verdict in favor of defendant Malone Office Equipment Company, Inc. The suit is for personal injuries Johnstone claimed he suffered as a result of a rear-end collision between a vehicle in which he was a front-seat passenger and one driven by Malone's employee.

1. Johnstone contends the court erred in failing to grant a directed verdict on liability. He also contends the verdict was contrary to evidence and law, as defendant's employee clearly violated OCGA § 40-6-49.

" '[R]easonable minds' rarely agree on the issue of liability in rear-end collision cases. Of course, where there is no dispute as to the facts, and they amount to a confession of liability as a matter of law, a directed verdict is warranted. . . . [S]uch cases are rare, and without an admission of liability or an indisputable fact situation that clearly establishes liability, it is error for the trial judge to direct a verdict on the issue of liability in favor of either party.

"In rear-end collision cases the liability, degree of liability, or lack of liability on the part of any involved driver depends upon a

factual resolution of the issues of diligence, negligence, and proximate cause." *Atlanta Coca-Cola Bottling Co. v. Jones*, 236 Ga. 448, 450 (224 SE2d 25) (1976).

"On appeal, the evidence must be construed to uphold the jury's verdict, and the sole question for determination is whether there is any evidence to authorize the verdict. [Cits.]" *Gold Kist Peanuts v. Alberson*, 178 Ga. App. 253, 254 (1) (342 SE2d 694) (1986). See also *Davis v. Carter*, 100 Ga. App. 831, 832 (2) (112 SE2d 319) (1959) on the general grounds.

The evidence supporting the verdict showed that Johnstone was going to a sale with his boss, Price, who was driving a company van. They drove through the traffic light at an intersection. A couple of cars in front of them suddenly stopped to make a right turn and Price stopped rather suddenly behind these cars. In a matter of seconds, the van was hit in the rear by a truck owned by Malone.

The evidence did not demand the finding that Malone's employee was following too closely in violation of OCGA § 40-6-49. The jury was authorized to find from the evidence that the proximate cause of the collision was the abnormal suddenness of the stop of the van. This would support a verdict for defendant, precluding both a directed verdict and a right to a new trial on the issue of liability.

2. Appellant contends the following charge was error because of lack of evidence warranting it: "In the event that you find from the evidence that a wrong has been committed on plaintiff for which he is entitled to recover from the defendant, I charge you that the plaintiff, himself, would be under an obligation to lighten or lessen or minimize the damages which he may have sustained as much as he could have done by the exercise and use of ordinary care and diligence. To the extent that his damages are not increased or not lightened or mitigated by his own failure to observe such care and diligence, I charge you that such damages would be the result of plaintiff's own failure to lighten or mitigate same and he would, therefore, not be entitled to recover against the defendant for such damages that he could have lightened or mitigated."

There was evidence that plaintiff had a history of alcohol abuse before the collision and chose to drink alcohol rather than take prescribed pain medication following the collision despite medical advice and that the alcohol abuse rendered him unable to work. The jury was authorized to find that loss of income resulted from plaintiff's abuse of alcohol and not from the collision. The charge on mitigation of damages was authorized. See *Butler v. Anderson*, 163 Ga. App. 54 (3) (295 SE2d 216) (1982). Also, it was a correct statement of the law. OCGA § 51-12-11.

3. The next enumeration is another charge: "A vehicle which is in front of another has no absolute legal position superior to that of one

following that. Each driver must exercise ordinary care in the situation in which he finds himself. In each case, what due care is required and whether it was exercised is for a jury such as you to decide. There is no presumption or rules that the following car was at fault just because it struck another car in the rear." Johnstone claims this was error because the circumstances raised more than just a rear-end collision.

While it is true that other legal principles were appropriate, the rear-end impact was undisputed. The challenged instruction was a correct statement of the law and adjusted to the facts of the case. See *Atlanta Coca-Cola Bottling Co. v. Jones*, supra; see also *Verde v. Granary Enterprises*, 178 Ga. App. 773 (1), 774 (3) (345 SE2d 56) (1986).

4. A third jury charge is enumerated as error: "a loss of earnings can be recovered only if such loss is free from uncertainty and speculation. In order for the loss of pay claimed by the plaintiff to be recoverable, it is necessary for him to prove that such work was available to him, that he would have performed such work and further that such loss of earnings would not have occurred but for the injury. In other words, it is necessary for the plaintiff to prove first that he suffered a loss and it was an ascertainable amount. And second, that the loss would not have occurred had the plaintiff not been injured. If the plaintiff fails to offer such proof, then he is not entitled to recover for his loss of earnings."

A similar charge was found to be "arguably ambiguous" but not reversible error in *Beal v. Braunecker*, 185 Ga. App. 429, 433 (5) (364 SE2d 308) (1987). The problem is with the language describing plaintiff's burden of showing what the charge referred to as a "definite amount" of lost earnings, which the court construed was translatable as an "ascertainable amount." Here the words "ascertainable amount" were substituted. Plaintiff argues that this is still too high a burden requiring too much precision, when all that is required is a "reasonable degree of certainty," as opposed to guess or speculation.

The law is that lost earnings may be recovered if the proof is reasonably certain and not mere speculation or guesswork. *Douglas v. Rinker*, 134 Ga. App. 949, 950 (216 SE2d 629) (1975), and cases cited therein. The words "free from" are also troubling because one may perceive a distinction of degree between being "free from uncertainty" and being "reasonably certain." Nevertheless, the language used here, while not a model charge, did not impose an undue burden on the commission salesman regarding lost earnings when considered in the context of the whole charge on damages.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

140

DECIDED JUNE 22, 1989 —
REHEARING DENIED JULY 5, 1989 — 

*L. B. Kent*, for appellant.
*Allen C. Levi*, for appellee.