A89A0836. GUNTER v. TULLOT.
(389 SE2d 338)

BENHAM, Judge.

Appellant and appellee were involved in a motor vehicle collision in which both parties sustained injuries. Appellee filed suit against appellant, and a jury found in favor of appellee, awarding her $32,000. Appellant brings this appeal, contending the trial court erred by al-

lowing harmful and prejudicial closing argument by appellee's attorney to go unchecked.

Inasmuch as the parties did not arrange for the takedown of the closing arguments, the record does not contain a transcript of the offending remarks or the objection made thereto. Although we do not have a transcript or a supplement thereto (see OCGA § 5-6-41 (c)), the trial court made a finding of fact concerning the issue at the hearing on the motion for new trial. The trial court recalled that appellee's attorney had stated in his closing argument that "[appellant] was out there drunk on the street." While the trial court's finding presents to this court the offending remark, the record is still devoid of appellant's objection to the statement. "When allegedly improper argument is made to the jury, opposing counsel must object at trial or otherwise invoke a ruling of the trial court. Failure so to object constitutes waiver. [Cits.]" *Verde v. Granary Enterprises*, 178 Ga. App. 773 (5) (345 SE2d 56) (1986). Since "[t]he burden is on the party asserting error to show it affirmatively .by the record [cit.]" (*Ragan v. Smith*, 188 Ga. App. 770 (2) (374 SE2d 559) (1988) (emphasis supplied)), and the record contains no such showing, we must presume the trial court took the proper action. See *Smith v. Manley*, 96 Ga. App. 158, 161 (99 SE2d 534) (1957). See also *Wright v. Wright*, 170 Ga. App. 652 (3) (317 SE2d 888) (1984).

*Judgment affirmed. Birdsong, J., concurs. Deen, P. J., concurs specially.*

DEEN, Presiding Judge, concurring specially.

Where improper closing argument is asserted on appeal, "[i]n the face of a silent record, there is a presumption that the court did in fact take proper action, and this court will invoke the presumption that the trial court did its duty and properly instructed the jury." *Wright v. Wright*, 170 Ga. App. 652, 655 (317 SE2d 888) (1984). Contrary to the majority opinion, however, the instant case does not involve a silent record.

Although closing argument was not taken down, the transcribed hearing on the motion for new trial certainly provides the allegedly objectionable argument, the fact and nature of the appellant's objection, and the trial court's ruling on the objection. Specifically, as recounted on the record by the trial court itself, the argument objected to consisted of the appellee's counsel's statement that the appellant was "drunk on the street." Both parties acknowledge that the appellant objected on the basis that the statement argued facts not in evidence, and the trial court ruled that he could not comment on the evidence. The trial court tacitly agreed with the recollection of the opposing counsel, when he discussed the incident and intimated that in hindsight he would have rebuked plaintiff's counsel and instructed

the jury accordingly. The majority opinion's invocation of the presumption of proper action is thus inappropriate. I note also that the majority opinion misplaces its reliance upon *Verde v. Granary Enterprises*, 178 Ga. App. 773 (5) (345 SE2d 56) (1986), where review of the record (which apparently included the closing argument) revealed that the appellant had not objected to the closing argument.

Nevertheless, I agree with the affirmance of the trial court. "Although [the appellant's] counsel made known his objection to the argument and the grounds therefor *prior* to the court's ruling thereon, he failed to specify what form of relief he desired in seeking the ruling, hence failed to invoke a reviewable ruling." *Seaboard &c. R. Co. v. Wallace*, 227 Ga. 363, 365 (180 SE2d 743) (1971).

DECIDED OCTOBER 30, 1989 —
REHEARING DENIED DECEMBER 14, 1989 —

*Kessler & Parks, Michael A. Kessler*, for appellant.
*Lawrence J. Hogan, Allen H. Harris, Ronald L. Hilley*, for appellee.