**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BROWN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 5, 2023**

# In the Court of Appeals of Georgia

A23A0106. JACKSON v. JACK et al.

MCFADDEN, Presiding Judge.

Valerie Renae Jackson appeals the directed verdict granted to Sarah M. Jack and James Jack in Valerie Jackson's personal injury lawsuit stemming from a rear-end collision. Because some evidence creates a jury question on the issue of whether Sarah Jack was negligent when she suddenly stopped her car in a continuous lane of traffic, we reverse.

1. *Facts and procedural posture.*

"In reviewing the grant of a motion for a directed verdict, this [c]ourt applies the 'any evidence' test and construes the evidence in the light most favorable to the losing party." *Cottrell v. Smith*, 299 Ga. 517, 518 (I) (788 SE2d 772) (2016). So viewed, the evidence shows that Sarah Jack was driving through Macon on North

Avenue headed to Interstate 16 West. She was driving in the far right lane, which was a continuous, dedicated right-turn lane that turned onto the interchange for Interstate 16. Although a traffic light was present at the intersection, it governed the other lanes of traffic; a stop was not required in the continuous lane even if the traffic light were red. A sign stated that traffic in the continuous lane was to keep moving.

Sarah Jack suddenly stopped, and Valerie Jackson drove into the back of her car. Valerie Jackson was injured in the collision.

Sarah Jack told the responding law enforcement officer that she stopped because "her traffic signal had turned red" and that when she came to a stop, traffic from the road to the east started to proceed forward to Interstate 16 West. The responding law enforcement officer concluded that Valerie Jackson was at fault, although he did not cite her.

Valerie Jackson sued Sarah Jack for negligence and James Jack under a theory of vicarious liability. The case went to trial. After Valerie Jackson had presented her case, the trial court granted the Jacks' motion for directed verdict, finding that Valerie Jackson had failed to present evidence that Sarah Jack was negligent and that accordingly, there was no basis to find James Jack vicariously liable. Valerie Jackson filed this appeal.

2. *Directed verdict*.

Valerie Jackson enumerates that the trial court erred by granting a directed verdict because there are disputed issues of fact. We agree.

"In rear-end collision cases the liability, degree of liability, or lack of liability on the part of any involved driver depends upon a factual resolution of the issues of diligence, negligence, and proximate cause. . . . [T]hese issues should be resolved, except in . . . very rare cases . . . , by the jury and not by trial and appellate judges." *Atlanta Coca-Cola Bottling Co. v. Jones*, 236 Ga. 448, 451 (224 SE2d 25) (1976).

Valerie Jackson presented some evidence that created a jury question on the issue of Sarah Jack's negligence. Valerie Jackson presented evidence that the continuous lane in which she and Sarah Jack were driving was not governed by the traffic light at the nearby intersection. But Sarah Jack said that she stopped because the light was red. And although in her appellate brief Sarah Jack asserts that the evidence shows that "she stopped due to traffic merging from the left," Sarah Jack did not testify or tell the responding law enforcement officer that she stopped because of merging traffic. The testimony at trial was that she told the responding law enforcement officer that her "traffic signal had turned red[, s]he came to a stop, and traffic from Emory Highway[, the road to the east,] started to proceed forward to I-16

3

West." Construed in the light most favorable to Valerie Jackson, there is at least some evidence to create a jury question on the issue of Sarah Jack's negligence. See *Cottrell*, 299 Ga. at 518 (I). See also *Beckett v. Monroe*, 249 Ga. App. 615, 616-617 (2) (548 SE2d 131) (2001) (whether the driver of a car that was rear-ended was negligent for suddenly stopping was a question for the jury); *Johnstone v. Malone Office Equip. Co.*, 192 Ga. App. 137, 138 (1) (384 SE2d 208) (1989) (jury was authorized to find that proximate cause of rear-end collision was the abnormal suddenness of the stop of the lead vehicle).

The trial court erred in granting the Jacks' motion for directed verdict and we reverse. We do not reach Valerie Jackson's remaining enumerations of error.

*Judgment reversed. Brown and Markle, JJ., concur*.